## STEBBINS *et al* v. LARDNER *et al.*

1. Any defense good as against the original owner of a non-negotiable note is good as against the transferee or assignee.
2. Under the provisions of Section 4915, Comp. Laws, it is competent for a defendant to plead as many defenses as he may have, whether consistent or inconsistent with each other,—and he cannot be required to abandon one defense in order to avail himself of another inconsistent defense; nor can he be compelled to elect as between inconsistent defenses, or be precluded from giving evidence under either.
3. F. was trustee for M. and Mrs. L., who assigned to him certain water-rents, to be applied in payment of the indebtedness of L., the husband, and M., due to a bank of which F. was cashier. Evidence was offered to prove payment by F. of a note given by L. and M., and held by the bank, which was objected to and excluded on the ground that defendants, after pleading payment, had in a supplemental plea pleaded a release. *Held* error.

4. Evidence was also offered to prove that F., as trustee, was instructed by L. and M. or Mrs. L. to pay rents received by him on the note signed by L. and M., held by the bank of which F. was cashier, until the same should be paid and extinguished, and that F. had received and paid over to the bank a sufficient amount of rents to pay said note, which was objected to and excluded. *Held*, error.

5. *Held, further*, that F. as cashier of the bank, was charged with his knowledge as trustee as to such instructions, and that his knowledge as cashier was the knowledge of the bank.

6. *Held, further*, that in applying such rents after they were received and paid into the bank said F. acted in his capacity as cashier, and was bound to apply the same to the indebtedness of the debtors, as directed by them; and that, if sufficient rents were paid in to the bank by him as trustee to pay said note, and he was directed to apply the same upon the note, the note, in law, was paid.

7. Evidence was also offered to prove that F., as cashier. agreed with the indorsers on the note to apply said rents upon said note, with the knowledge and consent of M. and Mrs. L., until the same should be paid and extinguished, which was also objected to and excluded. *Held* error.

8. *Held, further*, that F., as cashier, was authorized to make such an agreement, and the bank was bound thereby; and that, if sufficient rents were paid into the bank under such agreement to pay said note. the note, in law, was paid.

9. *Held, further*, that if F., in receiving and paying into the bank said rents, was acting as trustee in applying them to the payment of the indebtedness of L. and M., he was acting as cashier of the bank, and was charged as such with all knowledge possessed by him as trustee, and the bank was charged with the knowledge of its cashier in reference to these rents.

10. *Held, further*, that neither F., nor the bank could by applying the rents received by F. and by him paid into the bank upon other indebtedness of L. and M., keep in force a secure debt held by the bank, in violation of the express instructions of L. and M. or Mrs. L., or in violation of an agreement (if any was made) of F. as cashier, and thereby defeat the legal effect of such payment into the bank, which was to extinguish the note.

(Syllabus by the Court.   Opinion filed May 28, 1891.)

Appeal from the circuit court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

Action upon a promissory note, executed by the defendants Lardner & Moore to Ismon & Ayers, and endorsed by them and by the defendants Ayers and Wardman. Trial to a jury. At the close of the testimony the court directed a verdict for plaintiffs and against Lardner, Moore, Ayers and Ward-

man, and judgment was thereupon entered. These defendants appeal to this court. Reversed.

The facts so far as material are fully stated in the opinion.

*Adoniram J. Plowman*, for appellants, Lardner and Moore.

The instrument in suit being non-negotiable, no presumptions of ownership can be indulged from its indorsement in blank and possession by plaintiff's attorneys. The fact of ownership being denied it was error for the court to direct a verdict against these defendants, there being no proof of ownership in the plaintiffs. Cummins v. Lawrence Co. 46 N. W. 182. The right of recovery against these appellants depended upon the instrument. The right of recovery against the defendants Ayers and Wardman, depended upon the contract made in transferring the instrument. § 84, Code Civ. Proc. There was therefore a misjoinder of causes of action and parties defendant, and it was error for the court to direct a verdict.

The lower court held that it was immaterial and irrelevant so far as this case was concerned whether the defendant Lardnar or his wife delivered to Mr. Fox certain moneys as trustee for them with a request that it should be applied to this indebtedness sued upon unless it appeared in evidence that Mr. Fox as trustee applied such moneys to the payment of the note. This was clearly error as the issue of payment was fully presented in the pleadings, and payment is an issue always material. While the lower court viewed Fox as a trustee for the parties paying, he was also trustee for Stebbins, and an active partner in the firm of Stebbins. Fox & Co., and cashier of the Merchants National Bank and a principal for himself. That he was called a trustee does not matter if a request was made that the money paid should be applied on this debt. § 833 Civ. Code; Taylor v. Sanford, 7 Wheat. 12; Stone v. Seymour, 15 Wend. 19; Bennett v. Austin, 81 N. Y. 308; Bank v. Bank, 94 U. S. 437; Hall v. Marston, 17 Mass. 575; Moorehead v. Bank, 3 W. & S. 550; Martin v. Draher, 5 Watts, 544. If no such request had been made by Lardner, then if some of the obligations were due Fox

individually and some as trustee he should have applied the payments in equal proportion. Civ. Code, § 838; Sheldon v. Bennett, 7 N. W. 223; Foster v. Malone, Id. 817; Barrett v. Lewis, 2 Pick. 123. But money paid in could not be applied on usurious interest. Knox v. Williams, 39 N. W. 786; Yarth v. Cooper, 12 Ia. 364; Greene v, Tyler, 39 Pa. St. 361; Pickett v. Bank, 32 Ark. 346; Gill v. Rice, 13 Wis. 549.

Under the doctrine of the cases holding notes containing a provision for an attorney fee, non-negotiable, all defenses to the original consideration of the note, every agreement made by Fox regarding consideration or payment, every direction given by Lardner touching the application of the moneys paid were competent and it was error for the lower court to restrict the introduction of evidence upon these points. Garretson v. Purdy, 3 Dak. 178; Jones v. Radatz, 6. N. W. 800: Bank v. Larsen; 60 Wis. 206.

It was error for the lower court to reject the evidence of Lardner's release from all obligation under the instrument sued upon.

*Van Cise & Wilson*, for appellants, Ayers and Wardman.

A direction of a verdict can only be given when the state of the evidence is such as to leave no room for doubt that the jury should find accordingly. Pence v. Langdon, 99 U. S. 578; Finney v. Railroad, 3 Dak. 270.

The indorsement in blank of a non-negotiable contract operates only as a transfer of the indorser's interest and creates against the indorser a liability only on his warranty that the instrument is what it purports to be, is binding upon the parties, and that he he has no knowedge of any facts tending to prove it worthless, and this liability arises not upon the signature of indorsement, but upon a breach of the warranty. §§ 818, 1014, Civil Code; Daniel's Neg. Inst. § 709; 2 Parsons on Notes and Bills, 44; Fear v. Dunlap, 1 G. Greene, 331; Woods v. North, 84 Pa. St. 407; Johnston v. Speer, 92 Id. 227; Gray v. Donahoe, 4 Watts, 400; Giffert v. West, 33 Wis. 617; Hurd v. Hall, 12 Wis. 113; Iron Works v. Paddock, 15 Pac. 574; Lamb v. Storey, 8 N. W. 87; Kirkpatrick v. McCullough, 3

Humph. 171; Whiteman v. Childress, 6 Id. 303; Lyons v. Divelbis, 22 Pa. St. 185; Ganetsie v Van Ness, 2 N. J. Law 17; Harris v. Clark, Id. 146; Bank v. Gay, 71 Mo. 627; Smeltzer v, White, 92 U. S. 390; Eaton v. Mellus, 7 Gray, 566; Keller v. Hicks, 22 Cal. 457; Ledwich v. McKim, 53 N. Y. 307; Bank v. Jarvis, 15 Id. 226; Thomas v. Barrow, 49 Id. 193.

Certain of the courts hold the indorser of a non-negotiable note liable in like manner as an indorser of negotiable paper. Jones v. Fales, 4 Mass. 245; Parker v. Ridde, 11 O. 103. Others hold him as co-maker.  Seymore v. Van Slyck, 8 Wend. 404; Sweetser v. French, 2 Cush. 309.  Others hold him as an absolute guarantor.  Richards v. Waring, 1 Keyes, 575; Cromwell v. Hewitt, 40 N. Y. 491.  Others hold him as a qualified guarantor.  Prentiss v. Davidson, 5 Conn. 175; Perkins v. Catlin, 26 Id. 437; Newman v. Frost, 52 N. Y. 422; Picket v. Howes, 14 Ia. 460; Samstag v. Conley, 64 Mo. 476.  Still others place his liability on a par with a stranger's indorsement of negotiable paper before delivery.  Cromwell v. Hewitt, 40 N. Y. 491.  Note.  But even conceding that there is no distinction between negotiable and non-negotiable paper, still under the statute of this state one who indorses a negotiable instrument before it is delivered is liable to the payee thereon as an indorser.  § 1845 Civ. Code; § 3117 Cal. Civ. Code;  Moore v. Cross, 19 N. Y. 227; Jones v. Goodwin, 39 Cal. 493; Fessenden v. Summers, 62 Cal. 484.

The court erred in directing a verdict against the defendants because under either the theory that these appellants were liable only on proof of consideration and breach of warranty, or that they were liable as guarantors on the indorsement, they could not be joined as defendants in a suit against the makers, as their obligations were not the same and the liability would not be upon the same instrument.  Bank v. Gay, 71 Mo. 627; § 84 Code Civ. Proc.; Bliss on Code Plead. § 95; Brewster v. Silence, 4 N. Y. 207; Phalen v. Dingee, 4 E. D. Smith, 379; Tibbetts v. Percy, 24 Barb. 39; Allen v. Fosgate, 11 How. Pr. 218; Borden v. Gilbert, 13 Wis. 670; Graham v. Ringo, 67 Mo. 324; Parmerlee v. Williams, 71 Mo. 710; Virden v. Ellsworth,

15 Ind. 144; Barton v. Spies, 5 Hun. 60; Misjoinder of parties defendant is not a ground of demurrer under the statute, and it was properly raised by objection to the sufficiency of the complaint and the evidence. Pom. Rem. § 291; Bliss Code Plead. § 414.

A promissory note containing an attorney fee clause and waiver of exemptions is not thereby made non-negotiable so as to excuse presentment and notice of dishonor and still hold the indorser absolutely. While it is true that the supreme court of the Territory of Dakota in the case of Garretson v. Purdy, 3 Dak. 178, and this supreme court in Hegeler v. Comstock, 1 S. D. 138, have held such a note to be non-negotiable, still those decisions do not hold that an indorser of such a note is liable to the holder without proof of a consideration paid him and without demand and notice of dishonor.

In order for the plaintiffs to recover against these appellants it was necessary for them to prove that they paid them value for the transfer of this paper. The trial court refused to admit evidence as to the place and circumstances of the indorsement, the consideration and kindred questions on the ground that this inquiry was directed toward varying by parol, a contract in writing. This was error. Good v. Martin, 95 U. S. 90; Keating v. Van Sickle, 74 Ind. 536; Crozier v. Chambers, 20 N. J. L. 256; Chaddock v. Van Ness. 35 Id. 517; Coulter v. Richmond, 59 N. Y. 481; Houghton v. Ely, 26 Wis. 181; Deering v. Creighton, 24 Pac. 199; Cromwell v. Hewitt, 40 N. Y. 491; 1 Lawson Rights and Rem. § 1575.

These appellants offered evidence to show payment of the instrument in suit, which was refused by the court. This was error under the issues. The denial of indebtedness permits proof of payment. Frisch v. Color, 21 Cal. 71; Fairchild v. Amsbaugh, 22 Cal. 572; Wetmore v. San Francisco, 44 Cal. 294; Davanay v. Eggenhoff, 43 Cal. 299.

*Martin & Mason*, for respondents.

The possession of the instrument in suit was in itself *prima facie* evidence of ownership sufficient to entitle plaintiff to recover until overcome by positive evidence on behalf of defend-

ants.   2 Daniel Neg. Inst. § 1503; Collins v. Gilbert, 94 U. S. 753; Murray v. Lardner, 2 Wall. 110; Phelan v. Moss, 67 Pa. St. 63; Pettee v. Prout, 3 Gray, 503; Way v. Richardson, Id. 413; Goodwin v. Garr, 8 Cal. 615; Bailey v. Steamer, 2 Id. 370; Bordine v. Combs, 15 N. J. L. 412; Entrinkern v. Brown, 32 Pa, St. 364; Ward v. McIntosh, 12 O. St. 231.

The instrument in suit imports a consideration.  Comp. Laws, § 3538.  Having admitted its execution to avoid it on the ground of want of consideration, the want of consideration must be both pleaded and proved.  Bliss Code Plead. § 330; Sac County v. Hobbs, 33 N. W. 368; Eldridge v. Mather, 2 N. Y. 157.

The instrument in suit is a non-negotiable promissory note. Garretson v. Purdy, 3 Dak. 178; Comp. Laws, § 4462; Hegeler v. Comstock, 1 S. D. 138.   The indorsement of such a note is equivalent to the making of a new note, and is a direct undertaking on the part of the indorser to pay the note to the indorsee, and not a conditional one to pay if the maker does not upon demand after due notice.   Long v. Smyser, 3 Ia. 265; Seymour v. Van Slyck, 8 Wend. 403; Wilson v. Van Schaick, 3 Ia. 450; Hail v. Monahan, 6 Id. 216; Billingham v. Bryan, 10 Id. 317; Cromwell v. Hewitt, 40 N. Y. 491; Richards v. Warring, 1 Keyes, 576; McMullen v. Rafferty, 89 N. Y. 456; Josselyn v. Ames, 3 Mass. 274; Essex Co. v. Ames, 12 Gray, 273; Claffee v. Jones, 19 Pick. 263; Houghton v. Ely, 26 Wis. 181; Hopkins v. Richardson, 9 Gratt. 494; 2 Pars. Notes and Bills 125; Story on Prom. Notes, § 473; Griswold v. Slocum, 10 Barb. 402; Moies v. Bird, 11 Mass, 436; Bank v. Haynes, 8 Pick. 423; Good v. Martin, 95 U. S. 97.

The indorsement in blank of a non-negotiable note is a contract in writing, the terms of which are well understood in law, and such contract cannot be modified or explained by parol testimony.   Martin v. Cole, 105 U. S. 30; Brown v. Wiley, 20 How. 442; Bank v. Dunn, 6 Pet. 55; Allen v. Brown, 124 Mass. 77; Peckham v. Gilman, 7 Minn. 355; 1 Daniel Neg. Inst. §§ 80, 81, 717, 718, 719; § 3545 Comp. Laws; Thompson v. McKee, 37 N. W. 367.

The proper proceeding to reach a misjoinder of parties defendant is a special demurrer. § 4909 Comp. Laws; Cox v. Railroad, 47 Cal. 90; Anderson v. Hill, 53 Barb. 238; Goff v. May, 38 Ind. 267. Or by motion to strike out the names of those defendants improperly joined. Turner v. Bank, 26 Ia. 562; Peabody v. Ins. Co. 20 Barb. 339. Under our statute the joinder of persons liable for the same debt, although upon different obligations, is permitted. Bliss Code Plead. §§ 94, 95 Tucker v. Shiner, 24 Ia. 334; Huse v. Hamblin, 29 Ia. 501 Stout v. Noteman, 30 Ia. 414; Peddicord v. Whittam, 9 Ia. 471.

The defendants having failed to move for a non-suit at the close of plaintiffs' case cannot be heard to claim on appeal that the verdict was not based on sufficient evidence or was against the weight of evidence. Ross v. Colby, 3 Hun. 546; Barrett v. Railroad, 45 N. Y. 628; Peake v. Bell, 7 Hun. 454; Buissee v. Wood, 37 N. Y. 526; Adams v. Ins. Co. 70 N. Y. 166.

While the evidence of payment offered by defendants was primarily excluded yet before the conclusion of the trial and before the witness Fox left the stand he was permitted to testify fully concerning this subject. If this was error it was error without prejudice. Young v Harris, 32 N. W. 97; Ostland v. Porter, 25 N. W. 731; Hicks v. Whiteside, 23 Cal. 407; Bonnett v. Glatfeldt, 11 N. E. 250; Bank v. Bours, 14 Pac. 673; City v. Kirk, 3 S. E. 442. Where it is apparent that if the evidence claimed to have been erroneously excluded had been admitted, the result would have been the same, the error, if any, is harmless. Hayne New Trial, § 286; Sargent v. Sturm, 23 Cal. 361· St. John v. Kidd, 26 Id. 269; Hoag v. Pierce, 28 Id. 192; Duncan v. Kohler, 34 N. W. 594; Pickard v. Kleis, 23 N. W. 329 Wing Chung v. Los Angeles, 47 Cal. 535.

While the original answer of appellants, Ayers and Wardman, pleaded payment in their later supplemental answer they join to their plea of payment, the plea of accord and satisfaction. The plea of accord and satisfaction is inconsistent with a plea of previous payment, and is an admission of an existing obligation at the time of accord and satisfaction, and the fact so admitted is to be taken as true for all purposes of the case.

§§ 3483, 3485, Comp. Laws; Dole v. Burleigh, 1 Dak. 227; Hartwell v. Page,14 Wis. 49; Derby v. Gallup, 5 Minn. 119; Biever v. Fretz, 4 Pac. 289; Wiley v. Keokuk, 6 Kans. 94; Caulfield v. Sanders, 17 Cal. 569; Smith v. Culligan, 74 Mo. 387; Mohr v. Barnes, 4 Col. 350; Bliss Code Plead. §§ 342, 343, 344.

CORSON, J. This is an action upon a promissory note executed by the defendants Lardner & Moore to Ismon & Ayres, and endorsed by them and by Ayers & Wardman. The case was tried to a jury, and at the close of the testimony of both parties the court directed the jury to find a verdict for the plaintiffs against Lardner, Moore, Ayers and Wardman, and, the jury having so found, a judgment was rendered thereon against them for $2,662.57, the action on the trial having been dismissed as to the firm of Ismon & Ayers. A motion for a new trial was made and overruled, and from the judgment and order an appeal has been taken to this court by the defendants.

The material portion of plaintiff's amended complaint is as follows: "(3). Upon information and belief that on or about the 28th day of September, 1884, the above-named defendants made, executed and delivered a certain contract in writing, of which the following is a true and correct copy: '$1,137.67. Deadwood, Dakota, Sept. 28, 1884. Ninety days after date, for value received, we jointly and severally promise to pay to the order of Ismon & Ayres, eleven hundred and thirty-seven and 68-100th dollars, with interest at 2 per cent. per month from date until paid. and with attorney fees in addition to other costs, in case the holder is obliged to enforce payment at law. And we further waive all benefit of stay and exemption laws and appraisement before same on execution if obtained on this debt, of the Territory of Dakota. WM. LARDNER. JOHN F. MOORE. Payable at Merchants National Bank, Deadwood, D. T. [Indorsed:] ISMON & AYRES. AYRES & WARDMAN.' (4) That the said defendants George H. Ismon and George V. Ayres, and the defendants George V. Ayres and Ben Wardman, wrote upon the back of said contract their firms' names, to-wit, Ismon & Ayres and Ayres & Wardman, respectively, and upon

the faith thereof these plaintiffs paid the defendants above named value for the delivery of the said agreement to these plaintiffs, and thereupon the said agreement was duly delivered to these plaintiffs before the maturity thereof." In the amended and supplemental answers of Ayres & Wardman and Lardner they deny that the plaintiffs are the owners of the note in suit, deny demand and notice, plead payment and the release of Lardner, after action was commenced, by the Merchants National Bank, which they allege was owner of the note, and which they claim had the effect of releasing Ayres & Wardman, as well as Lardner and Mrs. Lardner. The answer of Moore is substantially the same, except that the release is not pleaded, he not having served any supplemental answer.

The facts disclosed by the evidence, briefly stated, are that in 1883, Lardner & Moore, being indebted to Ismon & Ayres, executed to them a promissory note, presumably similar in form to the note in suit, which was indorsed by Ismon & Ayres and Ayres & Wardman and transferred to the Merchants National Bank. The note was renewed several times, and the note in controversy was the last renewal. Mr. Alvin Fox, one of the plaintiffs. was at the time of the making and transfer of the original note and of all the subsequent renewals, cashier, and Mr. Stebbins, the other plaintiff, was president or vice president of the Merchants National Bank at the city of Deadwood, in Lawrence county, and said Stebbins and Fox constituted the firm of Stebbins, Fox & Co., doing a banking business at Sturgis City, in said county. Moore, one of the defendants, and Mrs. Lardner, the wife of defendant Lardner, were the principal owners of the False Bottom Water-Ditch property, which was leased for $925 per month, and the rents assigned to Mr. Fox as "trustee," to be applied upon the indebtedness of Lardner & Moore to the Merchants National Bank, including the note in suit. Mr. Fox continued to act as cashier of the Merchants Bank until the spring of 1887, and was a partner of the firm of Stebbins, Fox & Co. at the time of the trial in 1890, though said firm ceased to do a banking business in the spring of 1887. During the time Mr. Fox was

cashier of the Merchants Bank, and after said original note was given, he received a large amount of rents from the ditch property as trustee, which he paid over to said Merchants Bank, and which was applied by him, or the bank by him as cashier, to the indebtedness of Lardner & Moore. On the trial defendants sought to prove the defense of payment of the note by three methods: (1) Actual payment. (2) That Mr. Fox was directed by Lardner & Moore or Mrs. Lardner to apply the rent received by him upon the note in suit, or the indebtedness of Moore & Lardner to Ismon & Ayres or Ayres & Wardman, their successors, until it should be paid and extinguished; and that Fox, as trustee, had received and paid over to the Merchants National Bank a sufficient amount to pay and extinguish this note, and it was therefore in law paid. And (3) That Fox, as cashier of the bank, agreed with Ayres & Wardman, with the knowledge and consent of Lardner & Moore, or Mrs. Lardner, to apply these rents in payment of this note; and that, as the bank had received sufficient funds to pay and extinguish this note, it was also in law paid and extinguished; and appellants insist that, as the court excluded this evidence, it was error, and the appellants are entitled to a new trial. A large number of errors are assigned in the record, but, as our decision will be based upon the errors assigned, before stated, in the excluding of evidence of payment, it will not be necessary to set out the others in this opinion. It will be noticed that the note in controversy is, under the decision made by this court in Hegeler v. Comstock, 45 N. W. Rep. 331, a non-negotiable note. The plaintiffs, therefore, are not in the position of endorsees of commercial paper transferred before maturity, but, assuming that they are the owners of the note, they are simply assignees of a non-negotiable instrument, and their rights are to be determined by the rules of law applicable to such instruments. As no notice appears by the record to have been given to the defendants of the alleged ownership of the renewal note in suit by the plaintiffs.—the original having been transferred to and become the property of the Merchants National Bank.—any defense that would have been available as

against the bank, had this action been commenced by it, is good as against the plaintiffs. Comp. Laws, § 4871; Bank v. Larson, 60 Wis. 206; 19 N. W. Rep. 67; Jones v. Radatz, 6 N. W. Rep. 800, 27 Minn. 240. The questions will therefore be considered precisely as though the Merchants National Bank was the plaintiff, instead of Stebbins & Fox.

On the trial of the case Mr. Fox was called as a witness on the part of the defendants, and was asked the following questions: "Question. I will ask you whether or not that note was paid before this action was brought. (Objected to. Objection sustained.) Q. Is it or is it not a fact that, before this action was brought, this note was fully paid? (Same objection, ruling and exception.) Q. Do you know of any payment being made upon this note by Mr. Choteau, before the action was brought, that is not credited thereon? (Same objection, ruling and exception.)" The principal ground relied on by counsel for the respondent for the exclusion of this evidence was, as more fully stated in their brief, "that the evidence of payment was not admissible, because the plea covering that evidence was in effect abandoned by the supplemental plea alleging an accord and satisfaction in April, 1888," (release referred to in the answer of Ayers & Wardman and Lardner,) counsel insisting that, a plea of payment and accord and satisfaction being inconsistant, both cannot be true; that the allegations in the amended and supplemental answers, that on April, 1888, "this note was held, owned and controlled by the Merchants National Bank, and while so held and controlled by it Mr. Lardner effected an accord and satisfaction of it, is a recognition and admission of the fact that the note was a subsisting obligation at that time, and therefore it had not been paid before the commencement of the suit." This theory of plaintiffs' counsel, that inconsistent defenses cannot be pleaded under our Code or system of pleading, presents a very important question, that we shall consider at some length. Assuming, then, that the two defenses are inconsistent, we do not think defendants were required to abandon one defense in order to secure the benefit of the other, under the provisions of our Code, or that

the first defense pleaded was in effect abandoned by pleading in a supplemental answer another defense, inconsistent with it. That part of subdivision 2, § 4915, Comp. Laws, relating to this subject, is as follows: "The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable or both. They must each be separately stated and refer to the causes of action which they are intended to answer in such manner that they may be intelligibly distinguished." It will be observed that the right to plead as many defenses and counter-claims as a party may have is only limited or qualified by the provision that they must be separately stated. We are asked in this case in effect to insert "consistent" before "defenses," as was done by the legislature of Missouri, and recently by the legislature of New York, by an amendment to their Code upon that subject; but we do not feel authorized to do this, and must, under our Code, hold that parties cannot be compelled to elect between two inconsistent defenses, or be precluded from giving evidence under one defense, because some other defense is pleaded actually or apparently inconsistent with it; and this view is sustained, we think, by the better authority, Mr. Pomeroy, in his work on Remedies and Remedial Rights, § 722, says: "Assuming that the defenses are utterly inconsistent, the rule is established by an overwhelming weight of judicial authority that, unless expressly prohibited by the statute, they may still be united in one answer. It follows that the defendant cannot be compelled to elect between such defenses, nor can evidence in favor of either be excluded at the trial on the ground of inconsistency." In Bruce v. Burr, 67 N. Y. 237, Mr. Justice CHURCH, speaking for the court, says: "The Code (N. Y.,) § 150, allows a defendant to put in as many defenses or counter-claims as he may have, and the objection of inconsistency between them is not available." Section 150, referred to in the opinion of the court, was, at the time the opinion was delivered, an exact copy of Section 4915 of our own Code, above quoted. Since that decision the legislature of the State of New York has amended

the section in the Code of that state by inserting "consistent" before "defenses." The same doctrine is laid down in Buhne v. Corbett, 53 Cal. 264. In that case the court says: "But even had he by motion presented the question of the supposed inconsistency of the several defenses in the answer, we think it would not have availed him. A party defendant in pleading may plead as many defenses as he may have. If a plea or defense separately pleaded in an answer contain several matters, these should not be repugnant or inconsistent in themselves. But the plea or defense, regarded as a entirety, if it be otherwise sufficient in point of form and substance, is not to be defeated or disregarded merely because it is inconsistent with some other plea or defense pleaded; and there is no distinction in this respect between pleadings verified and pleadings unverified. Bell v. Brown, 22 Cal. 672; Wilson v. Cleaveland, 30 Cal. 192." In Barr v. Hack, 46 Iowa 308, the court enunciates a similar doctrine. In that case the court says: "The defendant, for one defense, pleaded a general denial, and for another, justification. The court instructed the jury in the following words: 'It is not necessary for you to determine from the evidence whether the defendant spoke the alleged slanderous words charged in the plaintiffs petition, the said defendant having in his answer admitted that he spoke of and concerning the plaintiff the words substantially as therein charged.' Under Section 2710 of the Code (Iowa) it is allowable to plead inconsistent defenses. The defendant should have the full benefit of each defense. But this cannot be so if the admissions in one defense, made necessary by the nature of the defense, are to be construed as affecting a different defense, which is inconsistent with such admissions. We think, therefore, that the instruction is erroneous." See, also, Bank v. Closson, 29 O. St. 78; Vail v. Jones, 31 Ind. 467; Weston v. Lumley, 33 Ind. 488. The case of Smith v. Culligan, 74 Mo. 387, cited by counsel for respondent, was decided under a statute which provides that "different consistent defenses may be stated in the same answer," (Section 2050, St. Mo.,) and hence is not an authority in this case. The cases cited from Minnesota and some other

states seem to hold a different rule, but we are unable to agree with the conclusions reached by those courts.

But the learned counsel for the respondents contends that, if the rule adopted by us is the true rule, and the court erred in excluding the evidence of payment in the first instance, it cured the error by subsequently admitting evidence of payment. We cannot agree with counsel in this position. It is true defendants Moore & Lardner were permitted to introduce evidence of payment, but under such restrictions by the court as to the character of the evidence as to amount substantially to a denial of evidence upon that subject, as will be seen by the following questions asked Mr. Fox, and the objections and rulings of the court: "Question. Did Mr. Lardner or Elizabeth Lardner assign to you any of the rents of the False Bottom Water-Ditch coming from a lease with the Caledonia Mining Company? Answer. They did; yes, sir. Q. And did they, or either of them, direct you to apply a portion of the money so arising to the payment of this indebtedness sued on in this action? (Objected to as immaterial, irrelevant, incompetent and not binding upon the plaintiffs in this case.) * * * Q. How much money did you receive on behalf of the defendant, Mr. Lardner? A. I am unable to state the exact amount. It was a large amount. It was about nine hundred dollars a month. Q. For how long? A. It was not running continuously. The agreement was nine hundred and twenty-five a month on the lease for three years, and it was renewed for three years longer. Q. By the court: About how much did you receive? A. I could not state. Q. Did you receive an amount sufficient to pay this note and accrued interest? A. Yes, sir. I received an ample amount to pay that note. Q. By the court: You mean an amount equal to the amount of that note? A. Yes, sir. Q. What direction or understanding did you have with Mr. Lardner as to the paying out of this money that was received there, if any? A. After the expenses of the ditch were paid I was to apply the balance onto the extinguishment of the indebtedness. Q. After the expenses of the ditch? A. Yes, sir. Q. If I understand you, you said the indebted-

ness. Did that include this indebtedness? A. Yes, sir; that was a part of it. Q. Was there or was there not a request of Mr. Lardner, in regard to this particular indebtedness, that it should be paid? (Objected to as immaterial, irrelevant, and incompetent. Objection sustained.) By the court: The court holds that it is immaterial. and irrelevant, so far· as this case is concerned, whether Mr. Lardner, or his wife, Elizabeth C. Lardner, delivered to Mr. Fox certain moneys as trustee for them, with a request that it should be applied to this indebtedness which is sued on, unless it appears in evidence that Mr. Fox, as trustee, applied such moneys to the payment and liquidation of this note." The learned court refused to allow defendants to show what directions the defendants Lardner or Mrs. Lardner gave in regard to applying the rents received by Mr. Fox. The court seemed to have tried the case upon the theory that Mr. Fox was to be regarded only as trustee of Moore and Mrs. Lardner, and that it was immaterial what amount of rents he had received and paid over to the Merchants Bank, and had, as cashier of said bank, applied to the indebtedness of Lardner & Moore, or what directions Lardner & Moore or Mrs. Lardner had given him as to the application of the same. We are of the opinion that the learned court adopted an erroneous theory on the trial of the case.

The court seems to have overlooked the important fact that Mr. Fox, in making the application of the rents received by him and by him paid over to the bank, was acting as cashier of the bank, and not in his capacity as trustee of Moore and Mrs. Lardner, and that he was at the same time the active partner in the firm of Stebbins, Fox & Co., and that as such cashier he was charged with the knowledge he possessed as ·trustee, and that his knowledge· as cashier was the knowledge of the bank, and that his knowledge as partner in the firm of Stebbins, Fox & Co. was the knowledge of the firm. Farmers & Traders Bank v. Kimball Milling Co., (S. D.) 47 N. W. Rep. 402; Bank v. Town of New Millford, 36 Conn. 93; Loring v. Brodie, 134 Mass. 453; Stevens v. Goodenough, 26 Vt. 676. While it may be true, therefore, that Mr. Fox re-

ceived and paid over these rents to the bank as trustee, in applying them to the indebtedness of Lardner & Moore he was acting in his capacity as cashier of the bank, and was bound to apply them on such indebtedness of Lardner & Moore, as he had been directed by them or Mrs. Lardner to do. When Mr. Fox came to act as cashier in making the application of the rents so paid into the bank, he was not at liberty to disregard his instructions or agreements either as trustee or cashier. Neither could the bank disregard them, as the bank received them charged with the knowledge of Fox as its cashier. Counsel for appellants contend that these rents, when received by the bank, should have been applied by Mr. Fox as cashier, in payment of this note, as it is claimed he was directed to do by the defendants or Mrs. Lardner. Assuming that the evidence, if admitted, would have been sufficient to satisfy the jury that the facts, as claimed, existed, we think the counsel are right in their contention. A cashier of a bank, when making the application of moneys paid into the bank of which he is cashier, paid either by himself as trustee or by any other parties, is bound to apply them upon such indebtedness of the debtors as he is directed by them to do, and neither he nor the bank can be permitted to so apply them as to keep in force secured indebtedness to the bank in contravention of the express directions of the debtors. Comp. Laws, § 3457; National Bank v. Merchants Nat. Bank, 94 U. S. 437; Hall v. Marston, 17 Mass. 575; Stone v. Seymour, 15 Wend. 19. If, therefore, defendants can show that Mr. Fox was directed by the defendants Lardner & Moore, or Mrs. Lardner, to pay this note out of the rents received, and that Fox received and paid over to the bank an amount sufficient to pay and extinguish this note, the note in law is paid and extinguished, and it is not material whether Fox, as trustee, actually paid the note or not. As cashier he was bound to apply it in payment of the note, and if he failed to so apply it, and applied it to other indebtedness of the debtors due from them to the bank, the note was nevertheless paid in law, and extinguished. Neither the cashier nor the bank could, by applying the rents to other indebtedness of the debtors, defeat the legal effect of the payment of

the money into the bank which was to extinguish the note. Evidence of payment either by an actual payment in full by Fox as trustee, or the payment of sufficient of these rents into the Merchants Bank to pay said note, under instructions given to Fox either as trustee or cashier, to apply the same in payment of this note, was competent, and should have been admitted, and its exclusion was error. The defendants sought to show that Mr. Fox had, as cashier of the Merchants Bank, agreed with the defendants Ayres & Wardman, with the knowledge and consent of the other defendants, or Mrs. Lardner, to apply these rents in payment of this note or the Ayres & Wardman debt. This evidence was objecteed to on the ground that it intended to contradict or vary the terms of a written instrument, and was excluded by the court. This, we think, was error. While evidence that Mr. Fox, as cashier, agreed with Ayres & Wardman not to hold them liable upon the note, and to look only to the securities for payment of the same, was not admissible, because tending to contradict or vary a written instrument by parol, and also because not within his authority as cashier. (Thompson v. McKee, 5 Dak. 172, 37 N. W. Rep. 367;) yet the collateral agreement sought to be proved, that Mr. Fox agreed to apply such rents coming into his hands as cashier, or into the bank, upon such note, was within his authority as cashier, and was binding upon the bank; and, if sufficient rents came into the bank to pay said note, it should have been so applied upon the note, and in law it was so applied, and the note extinguished. The court therefore should have allowed defendants, or any of them,—all having pleaded payment,—to show fully the amount of rents received by Fox as trustee and paid over to the bank; what directions, if any, were given by Lardner & Moore or Mrs. Lardner in regard to their application; and what agreement, if any, Mr. Fox made with Ayres & Wardman in regard to the application of these rents, with the knowledge and consent of Lardner & Moore or Mrs. Lardner. As the conclusions reached by the court necessitate a reversal of the judgment and a new trial, we express no opinion upon the other questions presented by counsel, and ably discussed in their respective briefs. The judgment of the court below is reversed, and a new trial ordered. All the judges concurring.