COTULLA STATE BANK v. HERRON et al.
(No. 5745.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1916. On Motion for Rehearing, Jan. 24, 1917.)

1. BANKS AND BANKING ⬤⟿106—AUTHORITY OF OFFICERS — APPARENT SCOPE—LIABILITY OF BANK.

Where one deals with an officer or employé of a bank who at the time represents or holds out that he has authority to represent the bank in the business being transacted, and the dealer in good faith and without notice of want of authority believes the act within the apparent scope of authority, he may enforce the contract against the bank, and where a mere clerk temporarily alone in the bank accepted by telephone a check on a specific fund and promised payment when presented, the bank was liable to the payee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 253–256; Dec. Dig. ⬤⟿106.]

On Motion for Rehearing.

2. BANKS AND BANKING ⬤⟿134(4)—SPECIAL DEPOSITS—RIGHTS OF BANK.

When a customer makes a special deposit in a bank of funds for the purpose of discharging certain of his liabilities which may be presented for payment, it becomes a deposit which cannot be used by the bank for any other purpose, and is held in the nature of a trust fund, and cannot be used to pay a note due the bank unless so intended at the time of deposit.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 356; Dec. Dig. ⬤⟿134(4).]

Error from Dimmit County Court; J. O. Rouse, Judge.

Action by H. A. Herron against the Cotulla State Bank, the First State Bank of Big Wells, and A. A. Luther. Judgment for plaintiff against all defendants, and the Cotulla State Bank alone brings error. Affirmed. On motion for rehearing. Motion overruled.

John W. Willson, of Cotulla, Thompson & Gulley, of Carrizo Springs, and Williams & Hall, of San Antonio, for plaintiff in error. Vandervoort & Johnson, of Carrizo Springs, for defendants in error.

SWEARINGEN, J. H. A. Herron, one of the defendants in error, sued the Cotulla State Bank, the plaintiff in error, and A. A. Luther and the First State Bank of Big Wells, both the latter being defendants in error, for $500 and interest, being the amount of a check drawn by A. A. Luther on the Cotulla State Bank, December 30, 1914, payable to cash or bearer and indorsed by H. A. Herron. Plaintiff below alleged that this check was accepted by the Cotulla State Bank and payment promised, before its delivery to and acceptance by H. A. Herron. Plaintiff in error, the Cotulla State Bank, answered, among other allegations, that the check was not accepted by it; that the party answering for it was not an officer of the bank and had no authority to bind the bank to pay the check. Payment of the check was refused by the Cotulla State Bank on Janu-

ary 3, 1915. The case was tried before the court without a jury. Judgment was rendered in favor of H. A. Herron for the amount of the check, with interest, against all the defendants. The Cotulla State Bank alone sued out a writ of error, making all other parties to the suit defendants in error.

The facts are that A. A. Luther made a special deposit of $904 in the State Bank of Cotulla on December 29, 1914, in pursuance of an agreement with the Cotulla State Bank, acting through its president, that the bank would pay out the amount of the deposit to parties whose names were written on a list furnished the bank at the time of the deposit, on which list was also written the amount to be paid to each party named. In accordance with this agreement A. A. Luther, on December 30, 1914, issued checks to parties named on the list and for the amounts specified on the list. Among others was the check for $500 for H. A. Herron.

When the $500 check, drawn by A. A. Luther on the Cotulla State Bank, was offered to H. A. Herron, he declined it until it could be ascertained that the Cotulla State Bank would accept and pay it. Thereupon the Cotulla State Bank was called by phone from Big Wells. The call was answered by the Cotulla State Bank, by Willie Hawkins, who was in sole charge of the bank on that morning of December 31, 1914. The check was described to him, and, after examining the deposit account of A. A. Luther with the Cotulla State Bank, he accepted the check and promised its payment, acting for the Cotulla State Bank. Herron thereupon accepted the check in settlement of his debt against Luther and released collateral. The check in due course of business was properly presented to the Cotulla State Bank, which refused payment. A. A. Luther had a balance of $575.39 of the special deposit in the Cotulla State Bank when the $500 Herron check was accepted and payment promised. The duties of Willie Hawkins were to keep the books of the bank, receive deposits, pay checks, and, during the noon hour or when the president and cashier were absent, as on the morning of the acceptance of the check, to act as sole custodian and manager of the bank during business hours. Herron did not know what individual accepted the Herron check for the Cotulla State Bank, nor what limitations there were on his authority.

Appellant's only assignment is as follows: "The court erred in rendering judgment on said alleged guaranty of payment of the check in question, because such judgment of the court is contrary to the law, for under the evidence in the case showing that Willie Hawkins did the talking for the Cotulla State Bank and the evidence being undisputed that the said Willie Hawkins was a mere clerk and bookkeeper for the Cotulla State Bank, he not being an officer, stockholder, or director of said bank, and having no authority to bind said bank, and that

even if the said Willie Hawkins had guaranteed over the telephone to pay the check upon which this suit is brought, said Cotulla State Bank would not be liable for the payment of the said check, said Willie Hawkins having no power or authority to bind said bank."

This assignment must be overruled because the trial court found, as shown by the judgment rendered, that Willie Hawkins did have authority to bind the bank to accept the check. This finding is amply supported by the evidence.

[1] The rule of law applicable to the facts of the present case is:

"Where one deals with an officer or employé of the bank, who at the time represents or holds out to such person that they are invested with the authority to represent the bank in the business being transacted, and the dealer in good faith and without any notice of want of authority believes the act is done within the apparent scope of his authority, the party so dealing with such officer may enforce the contract against the bank, and this rule applies to a teller as well as the cashier or to any person or employé in the bank representing himself to the dealer as having authority to represent the bank. The. bank should not be permitted to plead want of authority in its employé while he is engaged in its employment, especially where the loss would fall upon an ignorant person or one having no knowledge whatever of the different rules of law holding and releasing banks upon the principle of notice or want of notice or special or general authority. If a bank places behind its counters an employé who will transcend his authority and insists upon transacting business with the bank's customers entirely outside his specified duties, such parties dealing with him have the right to assume that he has been delegated to perform such business, and the bank should be held for all his acts." Magee on Banks and Banking, p. 214; Bank v. Martin, 70 Tex. 643, 8 S. W. 507, 8 Am. St. Rep. 632; 7 Corpus Juris. p. 526, § 130.

The judgment is affirmed.

### On Motion for Rehearing.

In addition to the grounds appearing in our former opinion for affirming the judgment in the case at bar, there is another which we omitted to develop.

It was pleaded and proven that A. A. Luther had made a special deposit of $904 in the appellant bank, and that at the time of making the special deposit a list was furnished the appellant of the name of each party to be paid and the amount to be paid each of the named parties. On that list was written that $500 of the amount so specially deposited would be checked out to H. A. Herron. It was also proven that after Willie Hawkins, for the bank, had accepted and promised to pay the said check for $500, the bank diverted about $503, the balance of that special deposit of $904, and without authority or notice applied it to the liquidation of a debt due the bank by A. A. Luther. There is evidence that the bank, at the time the special deposit was made, had agreed to extend the time of payment of the indebtedness from Luther to the bank.

[2] The law applicable to these facts is thus expressed by Magee on Banks & Banking (2d Ed.) p. 475, § 254:

"When a customer makes a special deposit in a bank, of funds for the purpose of paying notes made by him, and which may be from time to time presented to the bank for payment, it becomes a deposit which cannot be used by the bank for any other purpose. Such funds are held by the bank more' in the nature of trust funds and must be applied as directed by the debtor. A special deposit cannot be used to pay a note due the bank unless when the deposit was made it was understood and intended to be used for such purposes." Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847; Hall v. Marston, 17 Mass. 575.

The motion for rehearing is overruled.