## COTULLA STATE BANK v. HERRON.
### (No. 6338.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1920.)

1. JUDGMENT ⊂⊃470—WHERE NOT VOID ON ITS FACE MAY BE ATTACKED ONLY IN COURT WHEREIN IT WAS RENDERED.

Where judgment on its face is legal and does not disclose any fact which indicates that it is invalid, to disclose that it is void requires direct attack, which must be made in the court where the judgment was obtained.

2. JUDGMENT ⊂⊃455 — THOUGH DISTRICT COURT ISSUED WRIT RESTRAINING ENFORCEMENT OF JUDGMENT NOT VOID ON ITS FACE COUNTY COURT WHEREIN IT WAS RENDERED HAD JURISDICTION TO TRY SUIT.

Though district court directed a writ of injunction to enjoin collection of judgment recovered in county court, the county court had jurisdiction to try the case; the judgment not appearing void on its face.

Error from Dimmit County Court; A. Wildenthal, Judge.

Suit by the Cotulla State Bank against H. A. Herron. Judgment for defendant, and plaintiff brings error. Affirmed.

R. H. Ward, of Wichita Falls, for plaintiff in error.

Vandervoort & Johnson, of Carrizo Springs, for defendant in error.

COBBS, J. This case has been before this court twice. 202 S. W. 797. It is a suit to enjoin the collection of a judgment in favor of H. A. Herron, recovered in the county court of Dimmit county on the 17th day of January, 1916, against Dr. A. A. Luther, the First State Bank of Big Wells, and the Cotulla. State Bank, cause No. 194, for the sum of $531.50 and costs, which was appealed to this court, and the judgment was affirmed. See 191 S. W. 154.

Thereafter, on the 6th of March, A. D. 1917, plaintiff in error filed its original petition, seeking to have that judgment annulled and set aside, alleging that J. O. Rouse, county judge, who tried the cause without a jury, was disqualified from trying same, having been one of the attorneys engaged therein. A writ of injunction was prayed for, and was by the district judge of that district granted and filed in the county court wherein said judgment was obtained. Hon. J. O. Rouse entered his disqualification, and Hon. C. C. Thomas was appointed special judge, and tried it with a jury, and the verdict was for H. A. Herron, whereupon it was brought to this court, where the judgment was reversed, and the cause remanded. 202 S. W. 797. This cause then came up for trial on January 20, 1919, resulting in a judgment for defendant in error.

After the writ of injunction was granted, on the petition of plaintiff in error, the cause was filed, and stood for trial in the county court, where the judgment had been obtained. The prayer of the petition was to restrain "H. A. Herron from calling out and said W. M. Terry, county clerk of said county, from issuing execution against this applicant on the judgment rendered in the county court of Dimmit county, Tex., cause No. 197, on January 17, 1916, styled H. A. Herron v. A. A. Luther, the First State Bank of Big Wells, and the Cotulla State Bank. And on final hearing of this cause in said county court of Dimmit county, this applicant prays that said judgment rendered therein on January 17, 1916, in cause No. 197, styled H. A. Herron v. A. A. Luther et al., be declared null and void, and that the temporary injunction as herein prayed. for be made permanent. Applicant also prays for costs of this proceeding, execution therefor, and such relief, general and special, legal and equitable, as it may be entitled to in the premises."

Defendant in error filed a very full and complete answer, containing denials, and denied the disqualification of the judge who

granted the injunction and made the affidavit of the judge a part of his answer, and further averred that the injunction was sued out for delay; that the matter in controversy was not between the bank and Herron, the latter for whom it was alleged Rouse was attorney, but between the bank and Luther.

Plaintiff in error filed and urged a plea to the jurisdiction of the court, claiming the jurisdiction to try, hear, and determine this case was solely in the district court where the writ was granted, and not in the county court where the judgment was obtained, and because it was issued from the district court, it alone had jurisdiction to try and determine the question, as the writ was issued on the ground of the disqualification of the county judge. There was filed with the papers an agreement to the effect that there was nothing on the face of the judgment to show the disqualification of the judge. There was also filed an affidavit of the judge showing that he w̧cḩnot disqualified. The record disclosed tha ̧er ̧s case was tried before Hon. A. Wildenţ ̧500̧ounty judge, and there is no complain ̧ ̧ṛ'e against him whatever.

The plaiḷ d in s error stood on his plea that the coṵreto ̧ṛt had no jurisdiction to try this ç̧ ̧ after the court ruled against b̧' ̧ to proceed further, and the cou̧ ̧ ̧ḩ ̧ng the pleading and evidenç ̧ ̧ ̧ ju̧ment for defendant in error, ḑ̧solving the temporary injunction previously granted, and assessing 10 per cent. of the amount involved against plaintiff in error as damages for the institution of this suit for purpose of delaying payment of judgment in former case.

Article 4653, R. S., provides that—

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court when such suit is pending, or such judgment was rendered."

[1] It is true that this case was reversed and remanded for new trial (202 S. W. 797), but was of course remanded to the county court for trial. It was remanded largely on account of newly discovered evidence. There was no such evidence offered here. The judgment on its face is regular, and does not disclose any fact that indicates it invalid. To disclose that it was void would require a direct attack, and that would have to be made in the court where obtained. Lester v. Gatewood, 166 S. W. 390; Meyers v. Hambrick, 167 S. W. 34; Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2; Baker v. Crosbyton Southplains R. Co., 107 Tex. 568, 182 S. W. 287.

[2] Because the district court in its broad equity power directs that a writ of injunction issue does not, for that reason, require that court to try the case on its merits. The judgment not appearing on its face void, as shown by the authorities cited, the case had to be tried in the court where the judgment was obtained.

Plaintiff elected to stand on its plea to the jurisdiction of the court, and offered no evidence to sustain its contention, and we can find no error in the ruling. There was enough in the record before the court also to justify assessing the 10 per cent. damages for delay.

Finding no reversible error assigned, the judgment is affirmed.