### ALEMAN v. GONZALES. (No. 6853.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1922.)

1. **Courts** ⚖️480(3)—**District judge of one county may temporarily enjoin sale of personalty on process issued out of district court of another county to satisfy judgment rendered therein, but cannot hear and determine issues involved.**

A district judge of one county may grant a temporary writ of injunction restraining the sale of personal property on process issued out of the district court of another county to satisfy a judgment rendered therein, but cannot hear and determine the issues involved; Rev. St. art. 4653, requiring that such writs be returnable to the district court from whence they were issued.

2. **Venue** ⚖️17—**Judgment creditor held not to have waived plea to venue of suit to enjoin sale of property to satisfy judgment by seeking dissolution of temporary writ in same cause in which it was granted.**

A judgment · creditor *held* not to have waived his plea to the venue of a suit brought by the judgment debtor, in violation of Rev. St. art. 1830, § 17, in another county than that in which the judgment was rendered to enjoin the sale of his automobile on process issued out of the district court of the latter county, by appearing and seeking to dissolve the temporary writ in the same cause in which it was granted.

3. **Judgment** ⚖️485—**Judgment void on face may be attacked in any court.**

A judgment void on its face may be attacked in any court.

Appeal from District Court, Jim Wells County; Hood Boone, Judge.

Petition by Francisco Gonzales against Aurelio Aleman for an injunction restrain-

ing the sale of an automobile to satisfy a judgment. From an order reinstating a temporary writ of injunction, defendant appeals. Reversed, and cause dismissed.

Perkins & Floyd, of Alice, for appellant.

James M. Taylor, of Corpus Christi, for appellee.

COBBS, J. In the district court of Duval county on the 9th day of January, 1922, appellant obtained a judgment against appellee for the sum of $336.04 with the foreclosure of an alleged partnership lien on a Ford automobile touring car, motor No. 22818, alleged to have been purchased with the proceeds of cotton claimed to have been partnership property between appellant and appellee and in pursuance therewith an order of sale was duly issued out of that court by the clerk thereof directing the sheriff of Jim Wells county to seize and sell said automobile to satisfy said judgment.

On the 2d day of February, 1922, appellee filed a petition and application in the district court of Jim Wells county, No. 3032 on its docket, praying for an injunction to restrain the sale of said property on the process issued out of the district court of Duval county, and the judge of the district court in chambers on the same day ordered the clerk of the district court of Jim Wells county where the petition was filed to issue the writ as prayed for upon the execution of the bond for $300. The writ was issued, directed to, and placed in the hands of the sheriff of Jim Wells county, to which county it was made returnable. The sheriff of Jim Wells county executed the writ on C. W. Price in Jim Wells county. The sheriff was thereafter restrained from executing the process, by the order of the district judge until further order of the district court of Jim Wells county at the next term of said court, which would begin on the 12th day of June, 1922, at which time the writ was made returnable.

On the 21st day of February, 1922, appellant filed his application in the said cause in the district court of Jim Wells county seeking to dissolve the injunction restraining the sheriff of Jim Wells county from making the sale of the process issued out of the district court of Duval county on the judgment in cause No. 2241 entered therein on the 21st day of January, 1922.

This application for the dissolution of the injunction was set down for hearing by the district judge at Edinburg, Hidalgo county, for the 4th day of March, 1922.

On the 2d day of May, 1922, the application having been postponed to said date, the same was granted. The temporary restraining order was dissolved, and the cause was continued until the next term of the district court of Jim Wells county.

On the 6th day of May, 1922, appellee filed a motion in said cause in Jim Wells county district court to set aside its judgment dissolving the temporary writ of injunction.

On the 1st day of July, 1922, at the regular term of the district court of Jim Wells county, the court overruled appellant's plea to dissolve the temporary writ of injunction, one of the grounds being the court was without jurisdiction. Appellee urged that the order entered May 2, 1922, dissolving said temporary injunction be set aside and held for naught, and that said temporary injunction issued the 2d day of February, 1922, be continued in full force to await the further orders of the court.

To understand clearly the "merry-go-round" of these motions and orders, we have made the foregoing statement from the record, independent of the statements of counsel in their briefs.

While the original judgment was obtained in Duval county, from which the first order of sale was issued and placed in the hands of the sheriff of Jim Wells county for execution, all other proceedings were had upon petitions, motions, and answers filed by counsel in Jim Wells district court and urged in the said district court or before the judge in chambers in said county upon proceedings lodged and filed in said district court. This appeal is taken from the only order that was made at the regular term of the district court of Jim Wells county, which was on the 1st day of July, 1922, reinstating the temporary writ of injunction.

No petition was ever filed in said cause in Duval county district court either directly or otherwise attacking said judgment for fraud or by any proceeding in the nature of a motion for a new trial. The said petition was filed only in the district court of Jim Wells county, but appellee alleged therein that it would be filed in Duval county, but it was never done.

Pertinent to the question of attacks upon judgments, void or voidable, see the two following cases not yet [officially] reported, recently decided by this court: Edinburg Irrigation Co. et al. v. A. Ledbetter et al., 247 S. W. 335; F. J. Williams et al. v. Katherina Borchers, 244 S. W. 1053. Also see Cotulla State Bank v. Herron (Tex. Civ. App.) 218 S. W. 1091.

[1] The original judgment having been rendered in Duval county district court, and the order of sale likewise having been issued out of said court, the district court of Jim Wells county was without jurisdiction to hear and determine the issues involved. The district judge of Jim Wells county in chambers had jurisdiction and power to grant the temporary writ, but the law required such writs to be returnable to the district court from whence they were issued. Article 4653, R. S.; Thawlman v. Buckholts (Tex. Civ. App.) 181 S. W. 791; Cotulla State Bank v. Herron

(Tex. Civ. App.) 218 S. W. 1091; Matthews v. Eyres (Tex. Civ. App.) 206 S. W. 963.

[2] The plea to the venue of the suit was sufficiently raised by the motion unless appellant waived it by appearing and seeking in the same cause in which the temporary writ of injunction was granted to dissolve the temporary writ. We think it was not waived under the circumstances. Article 1830, § 17, R. S.; Kieschnick v. Martin (Tex. Civ. App.) 208 S. W. 948; Martin v. Keischnick (Tex. Com. App.) 231 S. W. 330.

[3] A void judgment apparent on its face may be attacked in any court. Price & Beaird v. Eastland County Land & Abstract Co. (Tex. Civ. App.) 211 S. W. 478.

It was all right for the judge in vacation to grant the writ, but this writ, when granted, should have been made returnable to and filed in the district court of Duval county, where the judgment was obtained, and from which the writ issued.

But, instead of pursuing the course the law directs, the petition was filed to set aside the judgment in Jim Wells county district court, where all the subsequent proceedings were had. Having secured the order which the court indorsed on the petition, it and all the proceedings should have been filed and prosecuted in the district court of Duval county.

For the reasons given, the judgment of the trial court is reversed, and the cause is dismissed.