Parker, C. J.,
delivered the opinion of the Court. The facts reported in this case are substantially the same as those which appeared on the former trial. The verdict returned on that trial was set aside, because the judge instructed the jury that, as Levi Maxcy was the agent of those who transacted business under the name of the Neponset Cotton Factory Company, they might presume his authority extended to the act by which the company are attempted to be charged in the present action, (a) * At the last trial the jury were differently instructed. They were told that, if the evidence satisfied them that Virgil Maxcy, one of the defendants and the principal of the com- *47 pony, knew that the notes sued in this action were given and endorsed in the manner they purport, and that he had paid other notes given under similar circumstances; or that the consideration’ of the notes went, directly or indirectly, to the use of the company and especially if he had recognized these notes as binding on the company, — they should find for the plaintiffs. And they were further instructed, that the doings and admissions of Virgil Maxcy, under the circumstances of this case, would bind his associates, the other defendants.
The motion for a new tidal has been supported principally by objections to the latter part of this instruction. It is said that, admitting the company not to have been originally bound by the signature of Levi Maxcy, the assent or ratification of such a contrae; afterwards by one of the company, having no especial authority therefor, would not conclude others of the company who did not assent thereto.
The proposition may be true that, if one assume to be the agent of several acting together in copartnership, and one of the parties afterwards ratify the act, this shall not be equal to a precedent authority from all ; and yet the instruction to the jury may have been right. The real question before the jury was, whether Maxcy, the agent, had authority from the company to pledge them in these notes. The acts and sayings of Virgil Maxcy were relied upon, to prove that he had this authority; nor that the act of the agent in making the notes, if it was at first without authority, was afterwards ratified.
Admitting that the agency gave no authority to sign notes for the company, except when the consideration went immediately to their use, yet a further authority might have been given, and the confession of the members of the company would be good evidence to prove such authority, (a) * Now, the confession of one member of the copartnership, of any fact tending to bind the whole, in a matter of joint concern, is unquestionably good evidence against the whole. (b)
The facts, that Virgil Maxcy knew that one of the notes was made by Levi, as agent of the company; that Virgil drew up the agreement between Levi and Rice, in which these notes were specially described and provided for; and that other notes, given by *48 Levi under similar circumstances, were paid by Virgil, acting for the whole, — were proper subjects of consideration for the jury, in inquiring whether Levi acted under authority from the company ; and were in their nature, if uncontradicted, conclusive evidence of such authority. The instruction to the jury was therefore right, and the verdict must stand. With respect to the objection, that one of the notes was payable to Levi Maxcy, agent of the company, the evidence above considered shows an adoption of the note by the company, and there is no doubt that they might have maintained an action upon it.

Judgment on the verdict.

A) Salem. Bank vs. Gloucester Bank, 17 Mass. Rep. 1.— Wyman vs. Hallowell Augusta. Bank, 14 Mass. Rep. 58.— Foster vs. Essex Bank, 17 Mass. Rep. 179.— White vs. Westport Cotton Manuf. Co. 1 Pick. 215.

 Hodenpyl vs. Vingerhoed, Chitty, Bills, 381, n. 7th ed.— Gray vs. Palmer, 1 Esp. 135.— Wood vs. Braddick, 1 Taunt. 104. — Prichard vs. Draper, Russ, & Mylne, 199. —10 Moore, 393. — Cheap vs. Cramond, 4 Barn. & Ald. 663. — Lacey vs. M'Neil, 4 D. & R. 7.

 Collyer on Part. 233. — Coif vs. Robinson, 2 Wash. C. C. R. 388. — Van Reimsdick vs. Kane & Al. 1 Gallis, 630. — Gardner vs. Fowsey, 3 Lit. 425. — Fiske vs. Cop land, 1 Ten. R. 383. — Parker vs. Merrill, 6 Greerl. 41.