WILLIAM H. BATES *vs.* THE KEITH IRON COMPANY.

The agent of a manufacturing corporation was empowered by its by-laws to manage the affairs of the corporation committed to his care, and to exercise the powers committed to him according to his best ability and discretion, and promptly to collect all assessments and other sums that should become due to the corporation, and to disburse them according to the order of the board of directors, who were made a board of control over him. *Held,* that the agent, if the board of directors did not interpose to control his proceedings, had authority to employ workmen to carry on the business of the corporation, and to pay them with its funds, or, not being in funds, to give the notes of the corporation in payment.

ASSUMPSIT by the indorsee against the makers of a promissory note. The case was submitted to the court on the following agreed statement:

The defendants were made a manufacturing corporation by *St.* 1836, *c.* 151, for the purpose of making nails, &c., and were duly organized as such in May 1836. In October 1839, Levi Keith, jr. was chosen agent of said corporation. From that time to the time of the date of the note hereinafter named, said Keith continued to act as the agent of said corporation, employed and superintended the workmen in the nail factory of the defendants, paid them, and made sales of the nails manufactured by them.

Before March 20th 1840, Levi C. Wright had been in the employment of the defendants, in their nail factory, and on that day there was due to him from them, for his said services, the sum of $68·48, for which the said Keith then gave to him a note for that amount, which is the note in suit. The note was indorsed to the plaintiff by said Wright.

Before the giving of said note, the said Keith had signed other notes to other individuals, in the same manner, and for similar services ; some of which had been paid by the said Keith with the funds of the corporation, and in the presence of some of the directors of said corporation.

Upon these facts, and the records of said corporation, which are part of the case, judgment is to be entered for the plaintiff or for the defendants, as the court shall order.

*Beal,* for the plaintiff.

*Coffin,* for the defendants.

WILDE, J. This case is submitted on an agreed statement of facts ; and the questions are, in the first place, whether Levi Keith, jr., the defendants' agent, had authority to bind them by the note in suit; and, in the second place, whether, if he had no such authority, he had not been held out to the public, by the defendants, as being so authorized.

As to the latter question, it is agreed that, before the giving of said note, the said Keith had signed other notes to other individuals in the same manner, and for similar services as those for which this note was given ; and that some of them had been

paid by the said agent with the funds of the corporation, in presence of some of its directors. And it appears, by the record of the corporation, that the directors were duly appointed as a board of control over the agent, who was bound strictly to adhere to their instructions. Whether from these facts it sufficiently appears that the said Keith was held out to the public by the defendants, or with their knowledge and consent, as their agent authorized to contract for them, and to give their notes in payment for services performed for their use and benefit, may perhaps be questionable. We are, however, inclined to the opinion that the agent was so held out with the implied assent of the corporation. But it is not necessary to decide this question ; for we are of opinion that in fact the agent had authority to bind the corporation by the note in suit.

The records of the corporation show, that by one of its by-laws the agent was authorized and directed " to manage the affairs of the corporation, committed to his care, according to the best of his ability, and at all times exercise the powers committed to him according to his discretion ; and promptly to collect all assessments and other sums that shall become due to the corporation, and to disburse them ; according to the order of the board of directors ; saving that the board of directors shall be a board of control over him, and whenever they shall give him special directions, he shall be bound strictly to adhere to them." But as the directors never did interpose to control the proceedings of the agent, this qualification of his authority does not apply to the present case. On the contrary, if the assent of the directors were necessary to authorize the agent to contract for the corporation, their assent might fairly be presumed. We do not, however, consider their assent necessary to legalize the acts of the agent. It is sufficient that they interposed no objections to his proceedings. And unquestionably he was fully authorized to employ workmen to carry on the business of the concern, and to pay them with the funds of the corporation ; or, not being in funds, he had authority to give the notes of the corporation in payment. *Odiorne* v. *Maxcy*, 13 Mass. 178, and 15 Mass. 39. *White* v. *Westport Cotton Manuf. Co.* 1 Pick. 220 ;

The note in suit was given in payment of a debt due from the corporation for labor and services performed for them in the ordinary course of their business ; and we cannot entertain a doubt, that the agent of the defendants had authority to bind them, by a note in their behalf, to the payment of the debt thus incurred.

*Judgment for the plaintiff.*