## WESTERN PUBLISHING HOUSE v. MURDICK *et al.*

1.  An agreement in substance as follows: "Agreement between the undersigned members of the board of directors of the district township of Spirit Lake. * * * We, the undersigned, hereby order shipped to us, as named below, * * * four copies of Yaggy's Anatomical Studies, * * * provided a majority of said board sign this agreement. We agree to pay for the above named goods when delivered, A. D. 1889."—and signed by a majority of the members of said school township board in their individual names, with the addition of the respective postoffice address of each, is the individual contract of the persons signing it.

2.  An answer to an action upon such an agreement, alleging "that at the time said paper was signed, these defendants were members of the

school board of Spirit Lake township, in said county and state, and that said paper was signed by the defendants as members of said board, and in no other capacity whatever, and that their act in signing said paper was never ratified by such board of said school township," does not state facts sufficient to constitute a defense to the action.

(Syllabus by the court.   Opinion filed Sept. 4, 1893.)

Appeal from the circuit court, Kingsbury county.   Hon. J. O. ANDREWS, Judge.

Action on a contract.   Judgment for defendants.   Plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*Schenian & Savage,* for appellant.

The nature of the contract in suit was to sell the goods mentioned to the defendants personally, and its legal effect was to make the contract binding if a majority of the class of persons therein named signed it; a majority having signed the contract the same became absolute and the defendants became personally liable to accept and pay for the goods.   Western v. Bachman, 51 N. W. 214.

Where, in the body of a written contract, the obligation purports to be a personal one, although it is signed by defendants as trustees, the language of the body is controlling and they are personally liable.   The simple fact that the signers described themselves as trustees or directors does not change the rule.   Revolving Scraper Co. v. Tuttle, 16 N. W. 353; Wing v. Glick, 9 N. W. 384; Mills v. Collins, 25 N. W. 109; Moss v. Livingston, 4 N. Y. 208; Mott v. Hicks, 1 Cow. 513; Barker v. Ins. Co., 3 Wend. 94; Hills v. Bannister, 8 Cow. 31; Taft v. Brewster, 8 John 335; Lutz v. Linthicum, 33 U. S. 165; W. Pub. House v. Buchman, 51 N. W. 214.

No appearance for the respondent.

CORSON, J.   This was an action upon a contract executed by the defendants, which reads as follows:  "Agreement between the undersigned, members of the board of directors of

the district township of Spirit Lake, in the county of Kings-
bury, and state of South Dakota, and the Western Publishing
House of Chicago, Illinois, for the goods specified on the back
of this contract, to be shipped on or about April 20th, A. D.
1889, and delivered to the American Express Company, at Chi-
cago, Illinois, properly packed and marked as specified. We,
the undersigned, hereby order shipped to us, as named below,
four (4) copies of Yaggy's Anatomical Studies, at thirty-five
dollars each, provided a majority of said board sign this agree-
ment. We agree to pay for the above named goods when de-
livered. A. D. 1889. The Western Publishing House agrees to
ship said articles, in good condition, by express, C. O. D., as
specified, on or about April 25th, 1889, and further agree to ac-
cept in payment an order on the treasurer of said district town-
ship for the amount, with seven per cent interest, which order
shall be payable at DeSmet, A. D. 1889, at the nearest express
office or bank, in First National Bank, where the Western Pub-
lishing House will send it for collection. Dated April 17th,.
1889. For and in consideration of the above agreement, the
Western Publishing House guaranties that the goods shall be in
every respect equal to sample; otherwise the subscribers are
not compelled to accept the same,"—signed by the defendants
individually, with postoffice address. The plaintiff alleges
in its complaint that the said four copies of the studies were
shipped to one Donaldson, at DeSmet, as ordered, in good con-
dition, and equal in all respects to sample; that defendants
have not paid for same or any part thereof, or delivered to said
plaintiff an order for the amount on the treasurer of said school
township, or any part thereof. though the same has been duly
demanded. The answer of the defendants admitted the execu-
tion of the contract, "but alleges that at the time said paper
was signed, these defendants were members of the school board
of Spirit Lake township, in said county and state; that said pa-
per was signed by the defendants as members of said board,

and in no other capacity whatever." They further alleged "that their acts in signing said paper were never ratified by said board of said school township." They further allege "that neither the defendants nor said Donaldson ever received said studies, and that they have not been tendered to or received by the defendants, or any of them." The cause was tried by a jury, and, at the close of the evidence, the plaintiff moved the court to direct the jury to return a verdict in its favor. This the court refused to do, but discharged the jury, and reserved the law question for decision by the court. Subsequently the court rendered judgment for defendants, and plaintiff appeals.

Defendants admitted in open court that the studies were to be shipped to D. W. Donaldson, and that the board of directors of Spirit Lake township consisted of eight persons. Evidence was given tending to prove, and not controverted, the facts alleged in the complaint, and that the studies were shipped to Donaldson; that they arrived at DeSmet; and that Donaldson refused to receive them; and that they were still in the freight office of the railway company, at DeSmet. The plaintiff objected to any evidence on the part of the defendants tending to prove the affirmative facts alleged in the answer, on the ground that the same did not state facts sufficient to constitute a defense to the action. The court overruled the objection, and the evidence was admitted, under the objection of the plaintiff. This ruling of the court was assigned as error, but, as substantially the same question was raised on the motion to direct a verdict, we need not now stop to consider it.

At the close of the evidence in the case, counsel for the plaintiff moved the court to direct a jury to return a verdict for the plaintiff. The court denied the motion, and the ruling of the court denying the same is assigned as error. In denying this motion, we are of opinion that the court erred. The facts alleged in the complaint were sustained by undisputed evidence, and the facts alleged in defendants' answer and proven on the

trial were clearly insufficient to constitute a defense to the action. The case was therefore one in which the court should have directed a verdict for the plaintiff. The agreement constituting the basis of the action showed upon its face that it was the individual contract of the defendants, upon which they were liable, upon the facts alleged in the complaint and proven on the trial. We had occasion to give a construction to a similar contract on a demurrer to the complaint in Publishing House v. Bachman, 51 N. W. Rep. 214. In that case this court, speaking by Mr. Justice BENNETT said: "The agreement made by the defendants, upon which the plaintiff seeks to recover, does not purport upon its face to be any other contract than one made by themselves. There is nothing in it that would indicate any other than their personal contract, except ·the words, "the undersigned members of the board of directors of .the school township of Delmont," etc. Neither does it appear that the books sold or bought were for the use or benefit of the school township, or any one except the signers of the contract, nor that they had the authority or agency to purchase them for any institution, school, or individual. On the face of the instrument, it clearly shows that they were the purchasers for their own benefit; for it says: "We, the undersigned, hereby order shipped to us, as named below, six copies of Yaggy's Anatomical Studies, at thirty-five dollars each. * * * We agree to pay for the above named goods." The plaintiff agrees in the instrument to accept in payment an order or warrant issued on the treasurer of said township; but this stipulation does not have the effect to show that this is an obligation of the school township, any more than, if the obligors had promised to pay in county or state warrants, it would tend to make the county or state holden for the contract. Upon the face of the instrument, the school township is not bound nor do any of the allegations of the complaint tend to show any such intention on the part of either party to the transaction." The supreme. court of Iowa had under consideration a similar contract in

Western Pub. House v. Township of Rock, 50 N. W. Rep. 551. That action was brought against the school township, and, on demurrer to the complaint, the court said: "(2) A consideration of the agreement upon which the plaintiff bases its right to recover discloses the fact that it does not purport to be the contract of the defendant, the school district, and that there is not one word in it indicating the purpose of the directors to bind the district, or the intention of the plaintiffs to require it to be bound, by the agreement. The obligors in the instrument describe themselves as directors of the school district; but it does not appear that the goods sold were bought for the use of the defendant, or pursuant to its authority or order. It is stipulated in the contract that the goods shall be shipped to the directors, not to defendant or its officers. On the face of the instrument, it is plainly shown that the persons who signed the instrument, and who are designated therein as 'directors,' are alone bound by it as obligors. Plaintiff agrees in the instrument to accept in payment an order or warrant issued by the defendant, but this stipulation does not bind it to look to defendant for payment, or make the instrument its contract. Upon the face of the instrument, the defendant is not bound, and the intention clearly appears to bind the signers individually." It is a well settled rule that parol evidence is inadmissible to vary, contradict, or explain an agreement when reduced to writing, in the absence of fraud or mistake. Thompson v. McKee, 5 Dak. 172, 37 N. W. Rep. 367; Washabaugh v. Hall, (S. D.) 56, N. W. Rep. 82. The facts alleged in the answer, and proven on the trial, under the objections of the plaintiff, could have had no other effect, and could have been offered for no other purpose, than to contradict, vary, and impair the written instrument made by the defendants with the plaintiff; and hence they were incompetent and inadmissible, and constituted no defense to the action. It may be that the defendants did not actually intend to bind themselves individually by the agreement executed by them. If so, it is unfortunate for them that

they executed the instrument in its present form.    This court, however, is unable to relieve them.    It can only judge of the intent of the parties in executing written instruments by the form of the instrument itself, unless fraud or mistake is alleged and proven in obtaining it.    Our conclusion is, therefore, that the court erred in denying plaintiff's motion to direct a verdict for it, and rendering judgment for the defendants, and the same must be reversed; and it is so ordered.