## SMALL v. ELLIOTT *et al.*

1. In an action on a guaranty, in which defendant's signature is followed by the letters "Pt .," parol evidence is admissible, as between the original parties, to explain the character or capacity in which he affixed his signature.

2. An individual who signs a guaranty as president of a bank cannot escape personal liability without showing his principal's power to execute guaranties and his authority to so act for his princpal in signing the guaranty.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by L. Linn Small, as receiver of the American Banking & Trust Company, against E. J. Elliott, impleaded with others upon certain promissory notes. From a judgment for defendant, and an order denying his motion for a new trial, plaintiff appeals. Reversed.

*R. W. Hobart, (Aikins & Judge* of Counsel) for appellant.

The answer of defendant Elliott did not state facts sufficient to constitute a defense to the action. First, because parol evidence cannot be received to release defendant, second, because it fails to allege that defendant was authorized by his principal to execute the guaranties and that his principal had power to execute them. Western Pub. House v. Murdick, 4 S. D. 207; Thompson Com. on Corp. §§ 5128, 5129; 1 Am. & Eng. Enc. of Law 1042; Heffner v. Brownell, 39 N. W. 640; McCandless v. Belle Plaine Canning Co., 42 N. W. 635; Matthews v. Dubuque Mattress Co., 54 N. W. 225; Bank v. Long, 49 N. W. 414; White v. Skinner, 13 Johns. 307; Baker

v. Ins. Co., 3 Wend. 94; Brockway v. Allen, 17 Wend. 40; Moss v. Livingston, 4 N. Y. 208; Brunswick Co. v. Bontell, 47 N. W. 261; Peterson v. Homan, 46 N. W. 303; Wheeler v. Reed 36, Ill. 81; Frankland v. Johnson, 147 Ill. 520.

*A. B. Kittredge*, for respondent.

While the construction of a written contract is a question of law for the court, yet, whether the contract was in fact executed, when it was made and by whom it was made are questions of fact for the jury and are provable in many instances by parol even though the proof conflicts with the language of the instrument itself. Byington v. Simpson, 134 Mass. 169; Kean v. Davis, 21 N. J. L. 683; McNeil v. Shober, 144 Ill. 238.

Parol evidence was admissible not to contradict alter or add to the written instrument but to explain the intention of the parties and to show whether respondent in signing these guaranties as an officer of the bank meant to bind himself personally. Metcalf v. Williams, 104 U. S. 93; Laflin v. Suisheimer 48 Md. 411; Keidan v. Winegar, 95 Mich. 430; Comp. Laws §§ 3541, 3554, 3562, 3564; Miller v. Way, 59 N. W. 467; Aultman Taylor & Co. v. Gunderson, 60 N. W. 859; Lee v. Percival, 52 N. W. 543; So. Pac. Co. v. Von Schmidt Dredge Co. 118 Cal. 368; Houghton v. Bank, 26 Wis. 663; Sanborn v. Neal, 4 Minn., 83; Blanchard v. Kaull, 44 Cal. 440; Bank v. Colby, 64 Cal. 352; Hager v. Rice, 4 Col. 90; Hardy v. Pilcher, 7 Miss. 18; Reeve v. Bank, 54 N. J. L. 208; Kline v. Bank, 50 Kan. 91; Smith v. Alexander, 31 Mo. 193; Bank v. The Patchin Bank, 13 N. Y. 309; Hubbard v. Gurney, 64 N. Y. 457; Deering v. Thom, 29 Minn. 120; Bank v. Boardman, 46 Minn. 293. The respondent being an officer of a banking corporation it was not necessary to either plead or prove an express authority to

execute the guaranties in question, and appellant being fully acquainted with all the facts connected with their execution is not in a position to raise the question of authority. 1 Morse on Banks 65; Peoples Bank v. Bank, 101 U. S. 181; 1 Daniel Neg. Inst. 388; Case Mnfg. Co. v. Soxman, 138 U. S. 436; Merrill v. Hurley, 62 N. W. 958; Bank v. Colby, 64 Cal. 352; Bean v. Pioneer Min. Co., 66 Cal. 451.

HANEY, J. Plaintiff, as receiver of the original payee, seeks to hold defendant Elliott personally liable upon the following guaranty, indorsed on two promissory notes, executed to the American Banking & Trust Company by the Granite City Manufacturing Company: "For value received, we hereby guaranty the payment of the within note at maturity, or at any time thereafter, with interest at the rate of 8 per cent. per annum until paid, waiving demand, notice of nonpayment, and protest. [Signed] J. A. Cooley. G. H. Marsh. B. R. Cooley. E. J. Elliott, Pt." Defendant admits, in his answer, that he signed the guaranties, "but alleges that he signed the same in the capacity and character of president of the Dell Rapids Bank, and in no other character or capacity whatsoever; that this defendant was the president of the Dell Rapids Bank, at the time of the execution of said guaranties, and that this defendant never at any time or in any manner received any consideration for said guaranties in his individual capacity; that, at the time of the signing and delivery of said guaranties, the owner and holder of said notes had actual knowledge that this defendant did not sign the said guaranties in his individual capacity, but only signed and executed the same as the president of the Dell Rapids Bank as aforesaid, and in his capacity

as such; and that the owner and holder of said notes and this defendant intended that said guaranties should be executed by this defendant only as president as aforesaid, and not in his individual capacity, and that they both likewise supposed and believed that said guaranties, so executed, were the guaranties of this defendant in his capacity as president as aforesaid, and did not in any manner make him liable as an individual for the payment of said notes."

Plaintiff contends the answer does not state facts sufficient to constitute a defense (1) because parol evidence cannot be received to release defendant, and (2) because it fails to allege that defendant was authorized by his principal to execute the guaranties, and that his principal had power to execute them. Publishing House v. Murdick, 4 S. D. 207, 56 N. W. 120, 21 L. R. A. 671, is cited in support of the first contention. That case is distinguishable from the one at bar. There the parties signed as individuals, and "the agreement constituting the basis of the action showed upon its face that it was the individual contract of the defendants." Here the name of defendant Elliott is followed by the letters "Pt." an abbreviation not usually affixed to signatures, and the meaning of which cannot be ascertained without the aid of parol evidence. It suggests a doubt as to the party bound, and the court cannot determine the question alone by an inspection of the instruments. "As between the original parties, parol evidence that does not tend to contradict the terms of a written instrument is admissible to show the true intent and meaning of the persons entering into the same, when there is something on the face of the instrument that suggests a doubt as to the parties bound, and the court cannot by inspection determine the question from the

paper creating the obligation." Miller v. Way, 5 S. D. 468, 59 N. W. 467. The allegations of the answer, taken in connection with the ambiguity apparent upon the face of the guaranties, are, if true, sufficient to relieve defendant of personal liability to the original payee of the notes, or other person occupying no better position, provided defendant was authorized to execute the guaranties on behalf of his alleged principal. Metcalf v. Williams, 104 U. S. 93, 26 L. Ed. 665. The decisions in this class of cases are so numerous and conflicting that it would be idle to attempt a review, even of those that have been examined. Having adopted the doctrine that parol evidence may be received under certain circumstances, we regard the rule announced by the supreme court of Minnesota as sensible, and calculated to produce equitable results. That court holds that when such a word as "agent" or "trustee," which may be descriptive of the person or may be indicative of the character in which the signer contracts, is affixed to the name of a party entering into a contract, it is *prima facie* descriptive only, but that it may be shown by extrinsic evidence that the attached word was understood by all interested as determining the character in which the person using it contracted; that where the party seeks to change the *prima facie* character of the contract on the ground of agency, it is incumbent upon him to prove the fact of the agency; and that he must prove his authority to act as an agent, or his liability upon the contract is necessarily of a personal character. Brunswick-Balke-Collender Co. v. Boutell, (Minn.) 47 N. W. 261. The same rule as to the burden of proof prevails in Illinois and North Dakota, Frankland v. Johnson, 147 Ill. 520, 35 N. E. 480; Bank v. Lang, (N. D.) 49 N. W. 414. This doctrine does not conflict with the

rule that parol evidence cannot be received to vary or contradict the terms of a written contract. There is nothing on the face of these guaranties to preclude the construction that Elliott acted otherwise than in an individual capacity. Upon that point the writing itself is uncertain, but there is no uncertainty as to the terms of the contract, and parol evidence cannot be permitted to prove that no one is obligated by the signature, "E. J. Elliott, Pt.;" hence defendant should not escape personal liability without establishing the liability of his principal

It certainly cannot be inferred, from the mere fact that defendant was president of the Dell Rapids Bank, that such bank was a corporation, clothed with power to guaranty negotiable paper for the accomodation of another corporation, and that its president was authorized to discharge the unusual duty of executing such guaranties. The facts stated in the answer are not sufficient, if true, to release defendant Elliott from personal liability. It was shown upon the trial that the Dell Rapids Bank was and is a banking corporation, organized and existing under the laws of this state; that it was a stockholder in the Granite City Manufacturing Company; that the signers of the guaranties, other than Elliott, were stockholders in the Granite Company, of which he was secretary; that when the guaranties were executed W. W. Bolster was president of the payee in the guarantied notes, and also a stockholder in the Dell Rapids Bank; that these notes were renewals of two former notes, executed by the same maker and guarantied in the same manner; and that Bolster acted for the American Banking & Trust Company in all these transactions. As to the understanding of the parties respecting the capacity in which Elliott

signed, the evidence was conflicting, and that issue alone was submitted to the jury. The making of these guaranties was, so far as disclosed by the evidence, purely an accommodation. As it is no part of a bank's business to lend its credit, the circumstances are exceptional under which it can be held liable as an accommodation indorser, surety, or guarantor. Morse, Banks, § 65. In this case the proven facts fall far short of showing that the Dell Rapids Bank had power to execute the guaranties sued upon; but, if it had it cannot be contended that the president of any bank has inherent power to execute such contracts. Indeed, the cashier of a bank will not, by reason of his official position, be presumed to possess such power. West St. Louis Sav. Bank v. Shawnee Co. Bank, 95 U. S. 557, 24 L. Ed. 490. Neither the answer nor evidence is sufficient to establish the bank's liability. The judgment of the circuit court is reversed, and a new trial ordered.