FIRST STATE BANK OF LEMMON, Respondent, v. Mc-MAHON, Appellant.

(185 N. W. 1014.)

(File No. 4984.   Opinion filed December 20, 1921.)

1. **Negotiable Instruments—Money Advanced to Signer on Promise of Maker's Debtor to Become Co-maker for Lesser Amount, Whether Co-maker Principal Debtor or Can Plead Want of Consideration—Directing Verdict.**

Where a bank advanced to H $100 in consideration of the latter's procuring the signature of a third party as co-maker with himself, the co-maker, although having promised to sign

a note for but $30 (which amount he owed H), having also signed the note, held, that such co-signer was, as between himself and H, the principal debtor to the extent of $30, and was in no position to urge want of consideration; and trial court properly directed verdict against him.

2.  Same—Whether Co-maker, Though Not Maker's Debtor, Was Liable Though Ignorant of Understanding Between Maker and Payee Bank—Bank's Officers' Promise to Look to First Signer for Payment, Whether Co-maker Released.

   Even though no benefit came to defendant co-maker under said transaction, and even though the $100 was paid to H before defendant signed, yet, the advancement to H being made on strength of his agreement that defendant would sign, defendant would have become liable even had he been ignorant of the understanding between H and the payee, unless the latter's promise to look solely to H for payment released defendant from all liability.

3.  Same—Payee's Officers' Promise to Look to First Signer for Payment, Whether Oral Proof Varied Terms of Writing—Non-authority of Payee Bank's Officers to Release Co-defendant.

   When defendant signed such note making him apparently an obligated party, it reduced to writing the agreement of the parties, and superseded all oral negotiations; and while defendant might prove by parol the capacity in which he signed, or that he was an accommodation party and only liable as such, or that he became a party thereto through fraud or undue influence, or want of consideration; but could not prove that, although his name was attached to the note, he had—because of some oral agreement preceding the writing never become a party to the written contract. Moreover, having executed a note for which he had received a consideration to the extent of at least $30, no executive officers of the bank—other than directors—had authority thereafter to bind the bank by an agreement, made without consideration, to release defendant from liability.

Appeal from Circuit Court, Perkins County. Hon. RAYMOND L. DILLMAN, Judge.

Action by the First State Bank of Lemmon, a corporation, against S. J. McMahon, to recover upon a promissory note. From a judgment for plaintiff upon a directed verdict, and from an order denying a new trial, defendant appeals. Affirmed.

*McNulty & Campbell,* and *C. G. Carrell,* for Appellant.

*P. J. Tscharner,* and *W. D. Hickman,* for Respondent.

(1)  To point one of the opinion, Appellant cited: 8 C. J.

259, Sec. 409; First Nat. Bank v. Engebretson, 28 S. D. 185; Sec. 1732, Code 1919; 8 C. J. 214, Sec. 349, and note 23.

Respondent cited: Sec. 1733, Code 1919; Pauly v. Murray, 110 Cal. 12, 42 Pac. 313; Eitel v. Farr, 178 Mo. 367, 165 S. W. 1191; 8 C. J. 250, 257.

(3) To point three, Appellant cited: Depue v. McIntosh (S. D.), 127 N. W. 534.

Respondent cited: Thompson v. McKee, 5 Dak. 172; Mead v. Pettigrew, 11 S. D. 529.

WHITING, J. Suit on promissory note given by defendant to plaintiff. Verdict was directed for plaintiff. The ground of the motion to direct verdict was that defendant's "testimony shows that defendant was an accommodation maker of the note, and that the plaintiff is a holder for value of said note, * * * and that under the law the defendant is liable as an original maker of the note." From a judgment for plaintiff this appeal was taken.

Appellant contends that defendant was not an "accommodation maker" of the note; and, as we read respondent's brief, it concedes that to be the fact. The final question, however, is not whether the ground urged for the directed verdict was sufficient to sustain the action of the court, but whether such action was correct, even though its justification must be based on other grounds.

[1] If defendant was not an "accommodation maker," then what was he? Under plaintiff's evidence, defendant was, as between himself and one H., the principal debtor, and H. but a surety; but the trial court, in directing a verdict, had to construe the evidence most favorably to defendant. According to defendant, back in 1911, he had a transaction with H., then his attorney, under which he was to pay H. $30, but, not having the money, told H. that, if he could get the money on his, H.'s note, he, the defendant, would sign such note; that H. gave a note for $100 to plaintiff, which forwarded it to another bank to procure defendant's signature thereto; that he was called into the latter bank to sign the note; that he explained that he was not to sign a note for more than $30; and that he was induced to sign this note above the signature of H. upon the assurance that he never would be holden upon same. From time to time renewal notes were given, each covering the principal and interest due on the

date of the particular renewal note, and each one of these re-
newal notes, unless it be the first, signed only by the defendant.
Defendant contends that, while he gave all these renewal notes,
he was at all times and at every time, except when he executed
the last note, assured that the payee would not hold him upon the
note, but would look solely to H. for the debt. It is undisputed
that H. received $100 from plaintiff at the time he signed the
original note, and that this money was advanced under an under-
standing with H. that defendant would either sign such note or
would give his own note secured to take up H.'s. note.

Certainly it must be conceded that, when appellant promised
to sign H.'s note for $30 provided H. could get some one to
advance the money on it, if H. had given his note for the $30
only, and the $30 had been advanced him thereon upon the under-
standing above referred to—such previous advancement would
have been a good consideration for defendant's signature to the
note—as between defendant and H., defendant would have been
the principal, and H. but a surety. Under the admitted facts, de-
fendant was, as to H., the principal to the extent of $30, and is
in no position to urge want of consideration.

[2] Even though there had been no benefit coming to him
under the original transaction, and even though the $100 had
been, as it was, paid over to H. before defendant attached his
signature to such note, yet, the advancement made to H. being
made on the strength of H.'s agreement that defendant would
sign the note, defendant would have become at once liable even
though he had been ignorant, which he was not, of the under-
standing between H. and the payee of the note (8 C. J. 212, 250,
257), unless the promise of the payee to look solely to H. for pay-
ment released defendant from all liability. Respondent contends
that payee's officers were without power to bind the payee by any
such promise; and, furthermore, that the seeking to prove such
an agreement was an effort to vary the terms of a written instru-
ment by parol.

[3] Respondent is right. When defendant signed such note,
it apparently became a writing upon which he was obligated as a
party thereto—it was the reduction into writing of the agreement
of the parties, and therefore superseded all oral negotiations.
Defendant might prove by parol the capacity in which he signed;

he might even prove that he was an accommodation party and only liable as such; he might prove that he became a party to such note through fraud or undue influence; he might prove no consideration; but he could not prove that, although his name was attached to such note, he had, because of some oral agreement preceding the writing, never become a party to the contract which such writing evidenced. Thompson v. McKee, 5 Dak. 172, 37 N. W. 367. Having executed to the bank a note for which he had received a consideration to the extent of at least $30, no executive officer or officers of the bank, other than the board of directors, had authority thereafter to bind the bank, by an agreement made without consideration, to release defendant from liability on such contract. Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945. The case of Thompson v. McKee, supra, was, in its facts, peculiarly analogous to the facts of this case as claimed by defendant. See, also, notes 28 L. R. A. (N. S.) 501.

The judgment appealed from is affirmed.