COONS, Appellant, v. HERRICK, Respondent.

(227 N. W. 460.)

(File No. 6582. Opinion filed November 8, 1929.)

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*Hepperle & Fuller,* of Aberdeen, and *R. D. Jones,* of Milbank, for Respondent.

BROWN, J. Plaintiff sold a piece of real estate to Elizabeth Hinckley, and she gave a mortgage thereon to the defendant for $4,000 and directed defendant to pay that amount to plaintiff on the purchase price. Defendant thereupon, on October 6, 1925, gave to plaintiff his check for $1,000 (which was paid) and a certificate of deposit on the Bank of Commerce of Milbank, S. D., reading as follows:

"Bank of Commerce

"No. 4389

"$3,000.00              Milbank, So. Dak., Sept. 8, 1925.

"L. A. Herrick * * * has deposited in this Bank Three Thousand Dollars * * * Dollars payable to the order of himself or Mrs. E. A. Herrick or survivor of either in current funds on the return of this Certificate properly indorsed, 6 or 12 months after date with interest at five per cent. per annum.

"Wm. Oosterhuis, Asst. Cashier.

"No interest after Maturity.

"Not subject to check."

At the time of delivering the certificate to plaintiff, defendant indorsed it in blank.

The Bank of Commerce suspended and was taken over by the superintendent of banks for purposes of liquidation on November 18, 1925, and plaintiff did not present the certificate for payment until March 8, 1925, six months after its date, when, of course, payment was refused. The next day plaintiff presented the certificate of deposit to defendant as indorser and demanded payment from him, which was refused. Thereafter plaintiff commenced this action wherein, on trial to the court without a jury, judgment was given for defendant that the action be dismissed on the merits, and from the judgment and an order denying a new trial plaintiff appeals.

It is the contention of defendant that the certificate of deposit was given and was accepted by defendant as so much cash, that plaintiff agreed to at once present the certificate for payment and had it been so presented payment would have been made, and that the indorsement by defendant was simply for the purpose of transferring the title so as to enable plaintiff to at once cash the certificate, and was not intended as an indorsement in ordinary negotiation of the instrument. Plaintiff objected to the oral testimony as to the purpose of the indorsement on the ground that it contradicted the terms and legal effect of the indorsement, but the objection was overruled, and the court found the facts as testified to by defendant, and that the indorsement was for the purpose of transfer only, and concluded as a matter of law that plaintiff's failure to forthwith present the certificate and demand payment thereof was the cause of the loss sustained through the failure of

the bank, and that defendant was entitled to judgment dismissing the action.

Defendant testified that in the course of the transaction he offered to go to the bank and cash the certificate and give plaintiff the cash, and plaintiff replied that he need not go to that trouble, plaintiff would take the certificate; that defendant thereupon said to plaintiff, "You will see that this certificate of deposit is cashed as soon as these papers are completed?" and plaintiff replied, "I will"; that this conversation was had before he wrote his name on the back of the certificate. Defendant further testified: "I have been in the business of loaning money several years and have taken notes and know the effect of a man signing his name on the back of an instrument. I know that if I wrote the words 'Without recourse' on the back of this instrument there would be no liability on my part as indorser." Plaintiff denied the conversation as stated by defendant and testified that defendant said he might as well keep the certificate and mature it, instead of cashing it, and he would gain the 20 days' interest that had accrued, and said that he never promised to cash the certificate immediately on receiving it.

In Thompson v. McKee, 5 Dak. 172, 37 N. W. 367, it is held that parol testimony is not admissible to show that one indorsing a negotiable instrument in blank did so only for the purpose of identifying the payee and under an agreement by the bank cashing the instrument that he would not be held liable on the indorsement. This case has been frequently cited and followed in the decisions of this court, one of the more recent of such decisions being First State Bank of Lemmon v. McMahon, 45 S. D. 77, 185 N. W. 1014, 1015, wherein it was said: "Defendant might prove by parol the capacity in which he signed; he might even prove that he was an accommodation party and only liable as such; he might prove that he became a party to such note through fraud or undue influence; he might prove no consideration; but he could not prove that, although his name was attached to such note, he had, because of some oral agreement preceding the writing, never become a party to the contract which such writing evidenced. * * * The case of Thompson v. McKee, supra, was, in its facts, peculiarly analogous to the facts of this case as claimed by defendant."

In Hawkins v. Shields, 100 Miss. 739, 57 So. 4, 4 A. L. R. 760, it is held that parol evidence is not admissible to show that one

who indorsed in blank and transferred notes was not to be held liable thereon in case they were not paid by the maker, and in an extended note to that case at 4 A. L. R. 764, it is said that where a valid negotiable instrument is "transferred with intent to pass the property therein, and unqualifiedly indorsed by such transferer to evidence the transfer, the decided weight of authority holds that the contract implied from such indorsement, whether it is made in blank or in full, cannot, even as between the parties, be varied or explained by parol evidence of a prior or contemporaneous agreement." See also annotation to Monroe v. State Bank, 35 A. L. R. 1115, 1120.

Even if it be conceded that plaintiff accepted the certificate of deposit as so much cash, he so accepted it with the indorsement of defendant, the legal effect of which indorsement cannot be varied or contradicted by parol evidence. It follows that the court erred in admitting parol evidence to the effect that defendant was not to be liable on his indorsement, and the judgment and order appealed from must be, and are, reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.