BLACK HILLS TRUST & SAV. BANK, et al, Respondents, v. STENGER, et al, Appellants.

BLACK HILLS TRUST & SAV. BANK, et al, Respondents, v. SOHN, et al, Appellants.

BLACK HILLS TRUST & SAV. BANK, et al, Respondents, v. STENGER, Appellant.

(240 N. W. 501.)

(File Nos. 7201, 7202, 7203. Opinion filed January 30, 1932.)

*Denu & Philip,* of Rapid City, for Appellants.

*Hayes & Hayes,* of Deadwood, and *Bangs & Rudesill,* of Rapid City, for Respondents.

RUDOLPH, J. This appeal involves three separate actions upon three promissory notes. The defendant Stenger was a signer

of all three notes and served with process in all three actions. The defendant Sohn was a signer upon one note and served with process in the action upon that note. The other defendants were not served with process. All of the defendants were stockholders or directors of the Osage-Upton Oil Company, of which one Bert Rogers was secretary and treasurer. Bert Rogers was also cashier of the plaintiff, Black Hills Trust & Savings Bank. The pleadings and the evidence relating to the execution of each note raise the same issues in each action, and, upon stipulation, the three cases are here upon one appeal. The trial court directed a verdict in favor of the plaintiff, in each case, and this appeal is from the judgments and orders denying motions for new trials.

The appellants contend, as set forth in their brief at page 154 thereof, that their answers and the evidence required a submission of the case to the jury upon the following defenses: "(1) Fraud and deception in procuring the notes in suit in that the plaintiff's cashier misrepresented that the oil company's account was overdrawn, and that the notes were desired only for the purpose of lifting these overdrafts; (2) execution and delivery for a special purpose only; to-wit: the purpose of absorbing the alleged overdrafts, and the wrongful diversion of the notes by the bank, in that they were used for other purposes, viz: subsequent obligations of the oil company; (3) payment by virtue of an express agreement to apply the first proceeds of oil, gasoline and stock deposited in the bank upon the notes because sufficient funds from this source came into the possession of the bank to pay the notes and they should have been paid, and must be deemed paid."

The defendants' evidence does not establish the first claimed defense. The defendants' witnesses were the defendants themselves, and it is apparent from their testimony that these notes were not given in reliance upon any representation by Bert Rogers as cashier of the bank that an overdraft existed in the oil company account, but that these notes were given for the purpose of securing credit for the oil company, in order that maturing bills of the company might be paid. The notes were given to secure a benefit to the oil company to the extent of $9,000; the oil company received this benefit, and the bank parted with $9,000.

Regarding the second claimed defense, the record is replete with denials by the defendants that any such condition, as claimed

by this defense, attached to the execution and delivery of these notes. The defense maintains that these notes were delivered for the special purpose of satisfying an overdraft represented by Rogers as existing in the bank at the time. No useful purpose would be served in detailing the evidence; sufficient to note is that the defendant Sohn testified as follows: "Bert Rogers said, 'We need some money right now, we have got to have it right now, this very day, bills coming due and everything cluttered up.'"

The defendant Stenger testified: "He, Rogers, called my attention to the fact that ordinary obligations were rapidly maturing and would have to be paid to keep up the company's credit. For that reason I gave the note."

[1] We find no support in the evidence for the contention that these notes were delivered upon condition that they were to be used in the bank for the sole purpose of satisfying an alleged overdraft.

The facts relied upon to support the third claimed defense are as follows: Rogers, at the time these notes were executed, promised these defendants that they would not be called upon personally to pay these notes, but that the notes would be paid out of income from the sale of oil company stock and oil products; that he would apply the first proceeds from oil and stock sales to the payment of these notes. After the execution and delivery of these notes, money from the sale of stock and oil in an amount more than sufficient to pay these notes was deposited by Rogers in the bank. This money was not used to satisfy these notes, but was used to pay other obligations of the oil company.

Rogers, as cashier of the bank, who parted with funds of the bank in exchange for the notes given, had no authority as an officer of the bank to excuse or limit the legal obligations of the makers of these notes by agreeing with them that they should not be held liable or called upon to pay these obligations. Thompson v. McKee, 5 Dak. 172, 37 N. W. 367; Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945; First State Bank v. McMahon, 45 S. D. 77, 185 N. W. 1014.

In support of this third claimed defense, the appellants rely, in the main, upon the case of Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847. However, in that case the evidence sought

to be introduced was to the effect that money paid to Fox, as cashier of the bank, to be applied to the payment of this certain note, was not applied by Fox as directed by the debtor, but was applied to other indebtedness owing by the parties to the bank. The case simply followed the well-settled principle that a debtor owing more than one debt to a creditor has the right to direct to which debt payments made by him shall be applied, and if the creditor keeps the money it is regarded by law as having been applied as directed, no matter how the creditor in fact applied it. Under the facts presented in the case before us, there was no application by the bank of the money deposited in the bank by the oil company to any indebtedness owing the bank. The moneys were simply deposited in the bank, and thereafter checked out by the company for general company purposes. The bank never applied the money deposited to the payment of any debt. Obviously, Rogers, as cashier of the bank (unless properly authorized by the oil company), had no authority to take or promise to take oil company funds and apply them to these notes. If Rogers, as secretary-treasurer of the oil company, had authority to and did authorize Rogers, as cashier of the bank, to take this oil company money and apply it upon these notes, and Rogers, as cashier of the bank, did not do so, the effect of such a transaction would not constitute payment.

The judgments and orders appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and WARREN, JJ., concur.